# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Yesenia Noemy JOYA ROMERO,

    Plaintiff,

vs.

Mike McCLEARY, District Director of
Boston District Office of U.S. Citizenship
and Immigration Services;

Alejandro MAYORKAS, Secretary of the U.S.
Department of Homeland Security;

Tracy RENAUD, Senior Official Performing the
Duties of the Director of U.S. Citizenship and
Immigration Services;

Monty WILKINSON,
in his official capacity as Attorney General of the
United States;

    Defendants.

Civil Action No: _____

Case No: _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT

NOW COMES Plaintiff Yesenia Noemy Joya Romero ("Plaintiff" or "Ms. Joya") and complains of the defendants as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Action to challenge the denial of her I-360 Petition for Amerasian, Widow(er), or Special Immigrant, filed on February 9, 2018. Defendant, United States Citizenship & Immigration Services (USCIS), denied her petition on October 28, 2020 claiming that she had abandoned her application. Plaintiff filed a motion to reopen

pursuant to Title 8, Code of Federal Regulations § 103.5(a)(2). USCIS denied the motion on January 29, 2021. Plaintiff seeks a declaration that Defendants' action violated the Administrative Procedures Act (APA) because the denial was arbitrary and capricious. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-360 Petition.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal jurisdiction question) and 2201 (action seeking a declaratory judgment).

3. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

4. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-360 Petition has adversely affected her ability to obtain LPR status in the United States. Ms. Joya Romero thus falls within APA's standing provisions.

## VENUE

5. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

6. Plaintiff is a native and citizen of El Salvador. She was born in San Miguel, El Salvador on June 1, 1999. She first arrived in the United States on or about October 22, 2016 without any permission or visa to enter the United States. She crossed the southern border

of the United States and entered without inspection. She has remained in the United States since her entrance in 2016 without permission from the United States Department of Homeland Security. Plaintiff filed an I-360 Petition for Amerasian, Widow(er), or Special Immigrant on February 9, 2018.

7. Defendant Alejandro Mayarkas is the Secretary for the Department of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

8. Defendant Tracy Renaud is a Senior Official Performing the Duties of the Director of USCIS. She is charged with supervisory authority over all operations of USCIS. She is sued in her official capacity.

9. Defendant Mike McCleary is the District Director of USCIS's Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Ms. Joya. He is sued in his official capacity.

10. Defendant Monty Wilkinson is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

11. As stated, Plaintiff filed her Petition for Amerasian, Widow(er), or Special Immigrant Status on February 9, 2018. *See* Exhibit A, Receipt Notice for I-360 dated February 16, 2018.

12. On March 4, 2020, USCIS sent Ms. Joya a Request for Evidence (Form I-360) ("RFE"), stating that the SIJ order found her to be dependent but did not "indicate whether the court provided some form of relief to protect [petitioner] from parental abuse, abandonment, neglect, or a similar basis under state law." The RFE requested that Ms. Joya provide evidence that the court provided "some form of placement, supervision, or services in connection with the finding of dependency." The RFE further specified that all requested evidence must be submitted by May 30, 2020. *See* Exhibit B, Request for Evidence (Form I-360).

13. On March 30, 2020, USCIS announced that due to the COVID-19 pandemic, it would extend response time to agency requests automatically for 60 days. This alert includes requests for evidence. Thus, the RFE response due on May 30, 2020 was not due until July 30, 2020. *See* Exhibit C, USCIS Alert.

14. On March 17, 2020 Chief Justice Ralph D. Gants of the Supreme Judicial Court issued Standing Order, Order Limiting In-Person Appearances in State Courthouses to Emergency Matters That Cannot Be Resolved Through A Videoconference or Telephonic Conference. Citing the emerging developments of the coronavirus pandemic, the Order announced that the only in-person proceedings to be held in courthouses would be emergency matters but that the trial court clerk's offices would remain open to accept pleadings and other documents in emergency matters. *See* Exhibit D, March 17 Standing Order.

15. On April 1, 2020, Chief Justice Ralph D. Gants at the Supreme Judicial Court issued a Standing Order, Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (CORONAVIRUS) Pandemic, which repealed and replaced

the March 17 Standing Order. It ordered all courts of the Commonwealth to be closed to the public but open to conduct business until at least May 4, 2020. *See* Exhibit E, April 1 Standing Order.

16. Such closures caused immense delays in filing and docketing case information, motions, and pleadings.

17. On March 16, 2020, Ms. Joya, through counsel, filed a Motion to Amend Decree of Special Finding – Nunc Pro Tunc for Special Findings of Fact and Rulings of Law on Judgment in Equity filed on January 25, 2018; Notarized Consent of Mother Regarding Motion to Amend; and Motion for Service by Alternate Means and Affidavit of Diligent Search, Amended Order. *See* Exhibit F, Motion to Amend Decree of Special Findings – Nunc Pro Tunc Submission.

18. This Motion was mailed, via USPS (tracking number 9405511699000639479164) on March 16, 2020, and was delivered to the Suffolk County Probate and Family Court the same day. *See* Exhibit G, Receipt from United States Postal Service. The Probate and Family Court failed to docket the Motion until March 19, 2020. *See* Exhibit H, Docket Information.

19. On April 23, 2020, Ms. Joya, through counsel, filed a Motion to Accept Updated Amended Order for Special Findings of Fact and Rulings of Law ("Motion to Accept"). *See* Exhibit I, Motion to Accept.

20. On May 19, 2020, counsel's office called the Suffolk County Probate and Family Court to check the status of the Motion to Accept. The clerk informed counsel that she would give the file to an Assistant Judicial Clerk that day. Counsel's office then spoke with the

Assistant Judicial Clerk, Andy, who looked through the file to make sure he had everything he needed and he informed counsel that he would email the Judge.

21. Later that day, Andy called counsel's office because he did not have the Father's assent. Counsel's office informed him that the Motion to Publish was filed in March, but the citation was never sent.

22. On May 21, 2020, Jenny Taylor from the Suffolk Probate and Family Court called counsel's office to say that she mailed out the Order of Publication as the Judge would not sign the Amended Order without service to all defendants. Counsel's office then emailed Toiya Taylor to ask whether it was possible to file a Motion to Waive Service given the short amount of time left.

23. On July 16, 2020, the Court issued a new order and citation for publication.

24. On August 3, 2020, counsel's office emailed the clerk requesting a new Citation and Order for Publication to be sent to the office as we were unable to publish before the return date due to pandemic related difficulties.

25. On August 21, 2020, counsel's office mailed the Return of Service and Motion to Accept Service as Rendered.

26. On September 21, 2020, counsel's office emailed the court to question why the Return of Service was not docketed. On September 28, 2020, counsel's office received the copy of the Return of Service.

27. On October 22, 2020, a clerk informed counsel's office that the Motion to Accept was holding up the case and she would have to "clean up" the file before passing it along to the judge.

28. Despite counsel's best efforts to have a judge at the Probate and Family Court issue a holding, the Amended Order was not signed until October 2, 2020 and counsel's office was unable to obtain a copy of the Amended Order until October 23, 2020. *See* Exhibit J, Amended Order.

29. On October 23, 2020, counsel sent USCIS the Copy of Amended Order for Special Findings of Fact and Rulings of Law. *See* Exhibit K, RFE Response.

30. Merely five (5) days later, without first issuing a Notice of Intent to Deny (NOID) – or indeed, notifying either Plaintiff or Plaintiff's counsel – USCIS denied her petition, deeming it abandoned.

31. On November 9, 2020, Plaintiff filed a Motion to Reopen pursuant to Title 8 C.F.R. §103.5(a). *See* Exhibit L, Motion to Reopen.

32. 8 C.F.R. § 103.5(a) provides in relevant part:

> A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
>
> (i) the requested evidence was not material to the issue of eligibility;
>
> (ii) the required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
>
> (iii) the request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

33. As provided in 8 C.F.R. § 103.5(a)(4), "[a] motion that does not meet applicable requirements shall be dismissed."

34. On January 29, 2021, USCIS dismissed the Motion to Reopen, claiming that the "requested evidence was material to the issue of eligibility [and] the Request for Evidence was not complied with during the allotted period." *See* Exhibit M, Decision.

## COUNT ONE
### (Violation of The Administrative Procedure Act)

35. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

36. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*

37. The documents that Plaintiff submitted to USCIS established her entitlement to petition for Special Immigrant Juvenile Status.

38. Defendants denied Plaintiff's petition because they failed to consider the difficulties posed to counsel and the Courts due to the COVID-19 pandemic.

39. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by denying Ms. Joya's I-360 Petition.

40. Ms. Joya has exhausted all administrative remedies available to her as of right.

41. Ms. Joya has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that this Court grant the following relief:

1. Reverse Defendant's decision denying relief and grant Plaintiff's I-360 application;
2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

3. Order any further relief this Court deems just and proper.

## OR, in the alternative:

1. Declare Defendants' denial of Plaintiff's I-360 application to be in violation of the Administrative Procedure Act and order USCIS to immediately reopen and adjudicate Plaintiff's I-360 application;

2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

3. Order any further relief this Court deems just and proper.

Dated: February 18, 2021

Respectfully Submitted,

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com